# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GEORGE,<br><br>                Petitioner,<br><br>v.<br><br>M. SPEARMEN, Warden, et al.,<br><br>                Respondents. | Case No.: 19cv0895-CAB (RBB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

    Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner has failed to pay the $5.00 filing fee or file an application to proceed in forma pauperis. The Petition is subject to dismissal without prejudice for failure to satisfy the filing fee requirement and failure to set forth grounds for relief in the body of the Petition.

## **FILING FEE REQUIREMENT**

    Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, **no later than July 15, 2019,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

# FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION

In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition must "specify all grounds for relief available to the petitioner [and] state the facts supporting each ground." Rule 2(c), 28 U.S.C. foll. § 2254. See also Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). Here, Petitioner has violated Rule 2(c). He has included numerous attachments to the Petition which appear to be an effort to indicate what claims he is presenting, but he has left blank the area of the Petition for where he is required to list his ground for relief. (See ECF No. 1 at 4-5.)

While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. Cf. Burkey v. Deeds, 824 F. Supp. 190, 193 (D. Nev. 1993) (finding that courts do not have entire onus of creating federal claim for petitioner). The Court would have to engage in a tenuous analysis in order to attempt to identify and make sense of the Petition and its attachements. In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." Cf. Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. Harris v. Allen, 739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the lack of grounds for relief in the Petition prevents the Respondent from being able to assert appropriate objections and defenses.

# CONCLUSION AND ORDER

Based on the foregoing, the Court **DISMISSES** the Petition for a Writ of Habeas Corpus without prejudice for failure to satisfy the filing fee requirement and failure to state grounds for relief in the Petition. If Petitioner wishes to proceed with this action he must,

2

19cv0895-CAB (RBB)

**on or before July 15, 2019**, either pay the filing fee or submit a motion to proceed in forma pauperis **and** file First Amended Petition which presents the grounds for relief within the body of the Petition. The Clerk of Court shall send Petitioner a blank Southern District of California amended petition form and a blank Southern District of California in forma pauperis application along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: May 14, 2019

Hon. Cathy Ann Bencivengo
United States District Judge